UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────── x

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.,

        Plaintiff,

  -against-                                      No. 22 Civ. 1805 (CM)

MEDITERRANEAN SHIPPING COMPANY, S.A.,

        Defendant.
──────────────────────────────────── x

## ORDER

McMahon, J.:

    Plaintiff Expeditors International of Washington is a non-vessel operating common carrier. (Compl. at ¶ 1, Dkt. No. 1). Plaintiff had a contract with Fila USA to ship a carriage of textiles and footwear ("Cargo") from China to Los Angeles. (Compl. Ex. B at ¶ 3.2). Plaintiff contracted with Defendant Mediterranean Shipping Company ("Mediterranean"), which is an international cargo vessel operating ocean carrier based in Switzerland, for ocean transportation of the Cargo on Voyage 051 of the vessel known as the Maersk Essen. (Compl. at ¶ 1; Compl. Ex. A). The vessel sank and the Cargo was lost or damaged.

    On or about January 4, 2022, the marine cargo policy insurer for Fila USA, Liberty Mutual Insurance, sued Plaintiff for breach of contract in the Western District of Washington. *Liberty Mutual Insurance Company, as a subrogee of Fila USA, Inc. v. Expeditors International Ocean, Inc. and Expeditors International of Washington, Inc.*, No. 22-cv-00007 (W. D. Wash. filed Jan. 4, 2022).

    On or about March 2, 2022, Plaintiff's counsel contacted Defendant's counsel regarding a possible action against Mediterranean for indemnification of any losses it might suffer in the lawsuit pending in the Western District of Washington. (Def. Mot. to Vacate Default J. Ex. 1, 3, Dkt. No. 22). Upon determining that Mediterranean would not be amenable to an out-of-court resolution, Plaintiff's counsel asked Defendant's counsel if "[he] would [] prefer I file a third-party indemnity suit in Washington, or a new lawsuit in SDNY under the [Master Service Agreement's] forum selection clause?" *Id.* at 2. Defendant's counsel replied that the "terms of the [Mediterranean] bill and sea waybill requires [sic] that you file any action in USDC – SDNY." *Id.* Defendant's counsel also informed Plaintiff's counsel that "there are 28 other

complaints filed in SDNY which relate to [the Maersk Essen] casualty."[1] *Id.* The next day, Plaintiff brought suit in this district against Mediterranean, seeking indemnification for any losses suffered in the pending Washington lawsuit.

Expeditors' lawsuit is one of dozens of civil actions arising out of the loss of cargo shipped on Voyage 051 of the Maersk Essen, which lawsuits have been consolidated for pre-trial purposes and assigned to this court. They are being heard under the rubric *In Re: Maersk Essen Voyage 051 Shipper Cases*, No. 21-cv-08183 (S.D.N.Y. filed Oct. 4, 2021) ("In Re Voyage 051") (See Order dated March 2, 2022, Dkt. No. 17). Despite the fact that Plaintiff was advised prior to filing this lawsuit that all Maersk Essen Voyage 051 actions should be filed as "related to" In Re Voyage 051, (Def. Opp. Mem. 3 n.1, Dkt. No. 27), Plaintiff did not file a related case statement, and this action was originally assigned to my colleague the Honorable Andrew Carter. Plaintiff also did not advise Judge Carter of the existence of a relationship between this case and In re Voyage 051, as required by Local Civil Rule 1.6 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Due to an internal administrative oversight (Def. Mot. to Vacate Default J. 3, Mediterranean defaulted in this case. Expeditors filed for entry of default on April 14, 2022, and the Clerk issued a certificate of default the next day. (Dkt. Nos. 9, 12). On or about May 4, 2022, Expeditors moved for a default judgement against Mediterranean. (Dkt. No. 13).

However, on or about that same date, Expeditors claims to have reviewed the "Amended and Restated Master Ocean Services Agreement" between Expeditors and Mediterranean, and determined that, notwithstanding the forum selection clause in Mediterranean's sea waybill, Expeditors could implead Mediterranean as a third-party defendant in the Washington lawsuit.[2] (Pl. Mot. for Voluntary Dismissal 2, Dkt. No. 24). Subsequently, Expeditors chose not to serve its motion for default judgement on the Defendant, and instead withdrew the motion on June 10, 2022. *Id.*

On or about June 15, 2022, Expeditors moved for leave to file a third-party complaint in the Washington lawsuit and, on June 21, 2022, the Western District of Washington court granted leave. *Id.* at 2–3. On or about June 22, 2022, Expeditors impleaded Mediterranean by filing a third-party complaint against it in the Washington lawsuit. *Id.* at 3.

---

[1] The same day, this Court consolidated all pending actions related to Maersk Essen Voyage 051. *In Re: Maersk Essen Voyage 051 Shipper Cases*, No. 21-cv-08183 (S.D.N.Y. filed Oct. 4, 2021) (Order dated March 2, 2022, Dkt. No. 17).

[2] Mediterranean disputes that Expeditors has a right to implead it in the Western District of Washington, claiming that Expeditors waived that right by filing in this District "pursuant to the terms of MSC's sea waybill." (Mediterranean Opp. Mem. 6). Neither party has deigned to submit full and unredacted copies of the Amended and Restated Master Ocean Services Agreement or the terms and conditions of the sea waybill. As a result, this Court is unable to evaluate what the governing contracts might say about where claims should be brought.

Mediterranean filed an answer to the complaint in this district on July 14, 2022, (Dkt. No. 18), and once it advised Judge Carter of the pertinent facts, this case was transferred to my docket on July 27, 2022. (Dkt. No. 26). The day after this case was transferred to my docket, Expeditors brought this motion for voluntary dismissal of this case without prejudice, arguing that it would be more convenient to pursue the entire matter in the Western District of Washington. (Pl. Mot. for Voluntary Dismissal 2). Mediterranean opposes the motion. (Dkt. No. 27). On August 1, 2022, I consolidated this case with the other Voyage 051 cases. (Dkt. No. 26).

The motion is DENIED. Plaintiff, having been sued in Washington State, did not bring its indemnification claim against Mediterranean in that forum and did not originally seek to implead Mediterranean in that case. Instead, Expeditors voluntarily chose New York as the forum for its indemnity case against Mediterranean.

Still, Expeditors could have easily reversed course without incident. Until Mediterranean answered the complaint, Expeditors could have voluntarily dismissed the case, without needing a court order, pursuant to Fed. R. Civ. P. 41(a)(1). It could have sought voluntarily dismissal in May, when it claims to have "realized" that it could pursue its indemnification claim in Washington. It could have sought voluntary dismissal in late June, right after it impleaded Mediterranean in Washington. It could have sought voluntary dismissal at any time until Mediterranean answered the complaint in mid-July. Only after the case was transferred from Judge Carter to me, when it became a certainty that the case would be (properly) consolidated with the other Maersk 051 cases, did Plaintiff move for voluntary dismissal. By that time Mediterranean had answered, so leave of court was required in the absence of a stipulation. Fed. R. Civ. P. 41(a)(2).

This case was consolidated with *In Re Voyage 051* for a reason—convenience. It will necessarily involve the same witnesses, the same discovery, and the same questions of fact and law as all the other cases against consolidated into *In Re Voyage 051* – including some 19 other cases that have been filed either by or against Mediterranean Shipping Company. Plaintiff claims that it seeks voluntary dismissal because it believes it would be more convenient to pursue the indemnification claim in Washington. This Court does not believe that this motion is about convenience, but about gamesmanship. This Court also believes that Mediterranean has every interest in trying to reach a global resolution of the claims against it arising out of Voyage 051, which counsels against allowing Expeditors to back track on its original strategy.

Plaintiff's motion for voluntary dismissal is DENIED.

As Mediterranean has now appeared by Counsel and answered the complaint, the Clerk's Certificate of Default is VACATED.

Dated: October 17, 2022

[signature]
U.S.D.J.

TO ALL PARTIES BY ECF